UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**UNITED STATES OF AMERICA**,

                Plaintiff,

v.                                                                    **Case No.** 24-CR-00543-02-CR-H-KPE

**JOHN SBLENDORIO**,

                Defendant.

### GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS

The Government respectfully requests that this Court strike or deny Defendant's various motions filed on November 8, 2024, (D.E. 31–42), and in support thereof offers the following:

### I. PROCEDURAL HISTORY

On October 24, 2024, a federal grand jury seated in Houston, Texas, returned an indictment charging Darvi Hinojosa and Defendant with attempted murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2; and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (D.E. 1.) The Indictment alleges that Hinojosa and Defendant are both members of the Bandidos Outlaw Motorcycle Gang ("OMG") who participated in the attempted murder of a rival OMG member on June 3, 2023. (D.E. 1.).[1] Hinojosa and Defendant were arrested on October 29, 2024, and the Honorable Yvonne Y. Ho, United States Magistrate Judge, Southern District of Texas, ordered them detained pending trial following detention hearings on October 31, 2024. (D.E. 9, 10, & 20.) Trial is presently scheduled to commence on March 24, 2025. (D.E. 45.)

---

[1] These facts were also introduced at a detention hearing for both defendants on October 31, 2024.

On November 8, 2024, Defendant filed 12 pretrial motions in the above-captioned matter, many of which concern discovery. (D.E. 31–42.) The Government was contacted for its position on the motions on November 7, 2024, and advised that it opposed them as many of the motions were unnecessary given the Government's plans to voluntarily produce much of the requested discovery. As such, the Government respectfully suggests that Defendant's discovery motions be stricken as, among other things, contrary to this Court's procedures. With respect to the remaining motions, the Government respectfully suggests that they be denied.

## II. DISCUSSION

Defendant's motions should be stricken or denied as moot, premature, without legal or factual merit, and contrary to this Court's procedures. The first eight motions address various aspects of discovery in this case, including compliance with Fed R. Crim. P. 16, disclosure of Jencks Act material, proper notice of 404(b) evidence, production of witness criminal histories, filing of a witness list, disclosure of *Brady* evidence, identification of informants, and disclosure of any witness inducements prior to trial. (D.E. 31–38.) These motions should be stricken at this time as filed contrary to procedure. Defendant also seeks a pretrial order for his counsel to personally conduct voir dire of the jury panel at trial or, alternatively, submit questions for the Court to pose. (D.E. 39.) In another motion, Defendant requests peremptory challenges separate from any co-defendants. (D.E. 40.) Finally, Defendant filed two motions seeking to adopt the motions and objections of any co-defendants. (D.E. 40 & 42.)

### A.   Defendant's Discovery Motions Failed to Follow Published Court Procedure.

Defendant's discovery motions are moot and inconsistent with this Court's procedures on pretrial discovery motions. In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted. For most criminal prosecutions, there

2

are three governing rules that "'exhaust the universe of discovery to which [a] defendant is entitled.'" *United States v. Watson*, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (*quoting United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988). The first is the *Brady* doctrine, derived from *Brady v. Maryland*, 373 U.S. 83 (1962), which requires the Government to disclose evidence that is favorable to the accused and material to guilt or sentencing, as well as evidence that could be used to impeach the credibility of a government witness. The second is Federal Rule of Criminal Procedure 16(a), which "requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control [that are material to the defense or to be used in the Government's case-in-chief], reports of examinations or tests, and a summary of any expert witness testimony." Discovery afforded by Rule 16 is limited to the evidence referred to in its express provisions. The third is the Jencks Act, which generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at trial. 18 U.S.C. § 3500(b).

In his motions relating to discovery, Defendant is simply seeking court orders requiring the Government to abide by this body of discovery law and the Federal Rules of Evidence. The Government is already in the process of producing discovery consistent with Rule 16, the Jencks Act, and *Brady*, and will continue to do so during the pendency of this case. Likewise, the Government will comply with the pretrial notice requirement in Fed. R. Evid. 404(b) and will file a witness list prior to trial.

With respect to Defendant's request for the identities of informants, he is not entitled to that information at this stage of the case and, regardless, he does not make the requisite showing for disclosure. The "informer's privilege" is a government privilege "to withhold from disclosure

3

the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id*. Where, however, "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id*. at 60–61; *see United States v. Davis*, 443 Fed. Appx. 9, 11–12 (5th Cir. 2011).

In weighing the Government's interest in confidentiality against a defendant's interest in disclosure, the Fifth Circuit Court has established a three-factor test to determine when disclosure is mandated. *United States v. Cooper*, 949 F.2d 737, 749 (5th Cir. 1991). Under this test, the Court examines: (1) the level of the informant's participation in the alleged criminal activity; (2) the helpfulness of disclosure to any asserted defense; and (3) the Government's interest in nondisclosure (the "*Roviaro* factors"). *See Roviaro*, 353 U.S. at 62–65; *Davis*, 443 Fed. Appx. at 12; *United States v. Ibarra*, 493 F.3d 526, 531 (5th Cir. 2007); *United States v. Diaz*, 655 F.2d 580, 587–89 (5th Cir. 1981). Defendant bears the burden of showing how disclosure of the informant's identity would substantively assist his defense. *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir.1985).

In his motion, Defendant does not reference any specific informant whose identity he believes he is entitled to at this stage. There is also no showing regarding the informant's level of

involvement in criminal activity, nor is there discussion of how the disclosure will be helpful to a defense he has raised. Under these circumstances, the Government is under no obligation to disclose informant identities at this stage—Defendant cannot simply make a blanket request for all informant identities at the outset of a case.

Lastly, the Government notes that this Court's procedures require a meaningful conference between the parties in order to resolve any discovery disputes before bringing them to the Court:

> The Court expects that, in most cases, the conference requirement should eliminate the need to file motions under Rule 16 of the Federal Rules of Criminal Procedure and Rule 404(b) of the Federal Rules of Evidence. Additionally, the Court expects that the conference requirement should dramatically reduce the length of motions in limine and motions to compel discovery.

*Court Procedures of Judge Keith P. Ellison* at 4 (July 2023). Many of Defendant's discovery motions can be resolved between the parties after sufficient time to confer and narrow any disputed issues. Simply filing boilerplate discovery motions largely seeking orders requiring the Government to do what it already must is inconsistent with this Court's procedures, and they should be stricken from the docket.

### B. Defendant's Voir Dire Motion is Moot.

Defendant's request to conduct personal voir dire in the present case is addressed by this Court's published procedures and should be denied as moot. *Court Procedures of Judge Keith P. Ellison* at 11 (July 2023) ("The Court allows attorneys to conduct voir dire.").

### C. Defendant's Motion Regarding Peremptory Challenges is Premature.

Any decision on the number of peremptory challenges is premature. The Federal Rules of Criminal Procedure provide for six peremptory strikes by the Government and 10 joint strikes by the defendants in all felony cases. Fed. R. Crim. P. 24(b)(1). The trial court, however, "may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise

5

those challenges separately or jointly." *Id.* Defendant requests an order allowing him to exercise 10 separate strikes. This is premature, as it is currently unknown how many defendants may ultimately be charged and proceed to trial in the present case. The Court should deny this motion without prejudice at this time.

### D. Defendant May Not Prospectively Adopt All Motions and Objects.

Permitting Defendant to file a blanket, prospective adoption of all motions and objections by his co-defendants is not warranted in this case. Ordinarily a defendant must make his own objections to preserve an issue for appeal. *United States v. Evans*, 892 F.3d 692, 711 n.1 (5th Cir. 2018). Nonetheless, a defendant may adopt objections and motions by co-defendants, but only where "the Government has no valid objection and the district court allows it." *Id.* (*citing United States v. Whittington*, 269 Fed. Appx. 388, 400 (5th Cir. 2008); and *United States v. Bernal*, 814 F.2d 175, 182 (5th Cir. 1987)). When this is permitted, however, it is typically on an individual, motion- or objection-specific basis. *See id.*

Permitting Defendant to *prospectively* adopt *all* objections and motions filed by his co-defendants in this case relieves Defendant of the need to advance motions and objections with specificity. In turn, this places an undue burden on the Government in responding to motions and objections, as the basis for Defendant's adoption is unclear when done in such a sweeping manner. Blanket adoption of motions is also contrary to Local Criminal Rule 12, which requires motions to "state specifically the basis for the motion." CrLR 12.2. For these reasons, Defendant's motions to adopt the motions and objections of his co-defendants should be denied.

## III. CONCLUSION

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court strike the motions at docket entries 31–38, and deny the motions at docket entries 39–42.

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By _____
Byron H. Black
Assistant United States Attorney
SDTX Fed. No. 3874745
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9432
Email: Byron.Black@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on November 13, 2024, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

_____
Byron H. Black
Assistant United States Attorney
