United States District Court
Southern District of Texas
**ENTERED**
November 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARVIN HINOJOSA ET AL.,<br><br>Defendants. | Case No. 24-00543-01/02-CR-H-EW |

### PROTECTIVE ORDER

For good cause shown, IT IS HEREBY ORDERED THAT:

The United States may provide to defense counsel a copy of any Protective Order Material under the following terms and conditions:

a. The United States will provide to each defense counsel a single copy of any Protective Order Material, redacted if and as appropriate. The government will designate the Protective Order Material(s) as being subject to a protective order.

b. Each defense counsel is permitted to make copies of the Protective Order Materials as necessary for the preparation of the defense and for litigation of matters that arise therefrom. As explained below, each defense counsel will maintain a record of all copies of the Protective Order Materials that are made and will return all copies that are made at the conclusion of the litigation.

c. Such Protective Order Materials provided by the United States should be utilized by each defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

d. Each defense counsel will maintain all Protective Order Materials, including any copies, in accordance with this Order.

e. Each defense counsel shall maintain the Protective Order Materials at all times in a secure storage facility (including both physical and electronic), except while being actively utilized as provided for in this Order.

  f. A copy of this Order shall be kept with the Protective Order Material(s) at all times.

  g. The Protective Order Materials and its contents shall not be disseminated[1] to any persons, organizations, or other entities, other than: (i) members of the defense team (attorneys, paralegals, investigators, translators, litigation support personnel, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Before any such person, organization, or other entity receives any Protective Order Materials, they must be provided with a copy of this Order and agree to abide by its terms.

  h. In addition, the Protective Order Materials and its contents will not be disseminated to anyone who is not actively assisting in the preparation of the defense in this case.

  i. In addition, the Protective Order Materials will not be disseminated to, nor shall the information within Protective Order Material(s) be disclosed in any way, to the media.

  j. Each defense counsel may show Protective Order Materials to third-party witnesses for the sole purpose of preparation of a defense, but may not provide, or otherwise disseminate to third-party witnesses, copies of Protective Order Material(s). Each defense counsel may not permit third-party witnesses to copy, photograph, video record, or otherwise reproduce Protective Order Materials.

  k. Each defense counsel may show Protective Order Material(s) to a defendant, but counsel may not give, copy, provide, or otherwise disseminate to a defendant any Protective Order Material(s), provided that counsel informs a defendant of the terms of this Order and directs a defendant not to disclose or use any information contained in the Government's discovery in violation of this Order. <u>Under no circumstances shall one or more copies of any Protective Order Material(s) be left at any detention facility for a defendant to review, nor may a defendant be allowed to review the same without supervision by counsel.</u>

  l. All Protective Order Materials, including all copies, will be returned to the United States Attorney's Office for the Southern District of Texas ("USAO")

---

[1] "Disseminated" means to provide, show, email, transmit or describe to another individual or organization any part of the document or quotations, excerpts, or summaries derived therefrom.

at the conclusion of this case and any post-conviction collateral attack on a defendant's conviction or sentence arising therefrom.

m. Should a defendant change her/his attorney at any time before the Protective Order Materials and all copies are returned to the USAO, a defendant's counsel will not provide the Protective Order Materials, including any copies or disclose the contents of any Protective Order Material(s) to any subsequent counsel unless subsequent counsel for a defendant in this matter has agreed to, or has been ordered by the Court, to be bound by this Protective Order. If subsequent counsel's consent to this Order cannot be obtained, counsel shall return the Protective Order Material(s) and all copies to the USAO immediately.

n. Any papers to be served upon the Court by either party that include Protective Order Materials or refer to the contents of Protective Order Materials shall be filed under seal.

o. Any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph shall also be filed under seal.

p. Upon the final disposition of this case, whether by guilty plea, conviction at trial, or otherwise, all Protective Order Material(s) maintained by a defendant's counsel will remain subject to this Protective Order unless and until such order is modified by agreement of the parties or by Court Order. If a defendant's counsel seeks not to maintain possession of any Protective Order Materials in conformity with the Protective Order, such Protective Order Materials shall be destroyed or returned to the United States.

q. All parties reserve the right to seek further modifications of this Protective Order.

r. Any person found violating any portion of this Protective Order may be subject to the full contempt powers of the Court.

Signed _19 November 2024_, in Houston, Texas.

_____
HONORABLE KEITH P. ELLISON
United States District Court Judge
Southern District of Texas

3