1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE SOUTHERN DISTRICT OF TEXAS

3    HOUSTON DIVISION

4  USA                             §    CASE NO. 4:24-CR-543
                                   §    HOUSTON, TX
5  VERSUS                          §    TUESDAY,
                                   §    OCTOBER 29, 2024
6  DARVI HINOJOSA AND              §    2:10 PM to 2:21 PM
   JOHN SBLENDORIO                 §

7

8                       INITIAL APPEARANCE

             BEFORE THE HONORABLE YVONNE Y. HO
9                 UNITED STATES MAGISTRATE JUDGE

10                         APPEARANCES:

11
       FOR THE PARTIES:              SEE NEXT PAGE
12
       ELECTRONIC RECORDING OFFICER: HOPE MCFARLIN
13
       COURT CLERK:                  RACHEL WILLBORG
14

15

16

17

18

19

20

21              TRANSCRIPTION SERVICE BY:

22            Veritext Legal Solutions
              330 Old Country Road, Suite 300
23              Mineola, NY 11501
              Tel: 800-727-6396 ▼ www.veritext.com
24
       Proceedings recorded by electronic sound recording; transcript
25                  produced by transcription service.

```
 1                         APPEARANCES:

 2   FOR THE PLAINTIFF:           U.S. DEPARTMENT OF JUSTICE
                                  Byron Hugh Black
 3                                1000 Louisiana Street, Suite 2300
                                  Houston, TX 77002
 4                                713-567-9432

 5   FOR THE DEFENDANT            J. RAYNOR CARR & ASSOC., P.C.
     DARVI HINOJOSA:              Joyce A. Raynor
 6                                9894 Bissonnet, Suite 320
                                  Houston, TX 77026
 7                                713-988-5533

 8   FOR THE DEFENDANT            LAW OFFICE OF ANTHONY
     JOHN SBLENDORIO:             TROIANI, P.C.
 9                                Anthony P. Troiani
                                  5020 Montrose Boulevard
10                                Suite 700
                                  Houston, TX 77006
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1       HOUSTON, TEXAS; TUESDAY, OCTOBER 29, 2024; 2:10 PM

2       THE COURT: All right. Next case is 4:24-cr-543,
3  United States v. Darvi Hinojosa and John Sblendorio. All
4  right. For the record, who is here for the United States?

5       MR. BLACK: Your Honor, Byron Black, for the
6  Government.

7       MR. TROIANI: Your Honor, Anthony Troiani on behalf
8  of John Sblendorio.

9       MS. RAYNOR: And Joyce Raynor on behalf of Darvi
10 Hinojosa.

11      THE COURT: Okay. Good afternoon to all of you. All
12 right. Mr. Hinojosa and Mr. Sblendorio, the purpose of today's
13 proceeding is to advise you of the charges against you, to
14 advise you about your rights, to consider the question of
15 counsel, to consider the conditions of release if any, and set
16 a date for a next court appearance. Has each of you received a
17 copy of the indictment? Mr. Hinojosa?

18      MR. HINOJOSA: Yes.

19      THE COURT: And Mr. Sblendorio?

20      MR. SBLENDORIO: Yes, Your Honor.

21      THE COURT: All right. I'm going to go over the
22 charges with you. Briefly stated, there are two charges in
23 this indictment. First let me as Mr. Black, is the Government
24 prepared to unseal the indictment?

25      MR. BLACK: It is, Your Honor, and so moves.

1   THE COURT: Okay. I will grant the Government's oral
2   motion to unseal.
3   Okay. Count I charges each of you with the offense
4   of attempted murder in aid of a racketeering activity.
5   According to this indictment, around June 3rd, 2023, that each
6   of you while aiding and abetting each other, knowingly
7   attempted to murder a person identified as Victim Number One in
8   violation of Texas Penal Code Sections 19.02(b)(1), 7.01, 7.02,
9   and 1501, and then you did so for the purpose of gaining
10  entrance to and maintaining and increasing your position in the
11  Banditos Outlaw Motorcycle Gang, which the Government claims is
12  an enterprise engaging in racketeering activity.
13  Count II charges you with the offense of using,
14  carrying, brandishing, and discharging a firearm during and in
15  relation to a federal crime of violence, namely the conduct --
16  the attempted murder and racketeering -- and aid of
17  racketeering activity charged in Count I.
18  Mr. Black, what is the maximum penalty for these two
19  offenses?
20  MR. BLACK: Your Honor, Count I is punishable by no
21  more than 10 years imprisonment, no more than a $250,000 fine,
22  and three years supervised release. This is a Class C Felony.
23  Count II is punishable by not less than 10 years imprisonment
24  consecutive to any other sentences, up to life imprisonment,
25  not more than a $250,000 fine, not more than five years

1  supervised release.  This is a Class A felony.  In addition to
2  these penalties each count is also subject to a $100 in
3  conditional and special assessment.
4          THE COURT:  And without telling me whether you think
5  these charges are true, does each -- do each of you understand
6  what the Government is claiming that you've done?  First, Mr.
7  Hinojosa.
8          MR. HINOJOSA:  Yes, I understand.
9          THE COURT:  Mr. Sblendorio?
10         MR. SBLENDORIO:  Yes, Your Honor.
11         THE COURT:  All right.  Now I'm going to review your
12 basic rights.  First, each of you has the right to remain
13 silent.  If you make any statement, it could be used against
14 you.  You are not on trial today.  You don't have to say
15 anything to me or to any court personnel about the facts of
16 your case.  You can't be required to be a witness or testify or
17 gather witnesses or evidence.  You don't have to discuss the
18 case with any law enforcement officials or answer any of their
19 questions.  If you've already made a statement, you don't have
20 to say anything else.  If you start to make a statement later,
21 you can stop at any time.  If you talk to any person other than
22 your lawyer about the case, that person could be forced to
23 testify against you, even if they don't want to.  So, the only
24 person you should talk to about your case is your attorney.
25 Anything you say to your attorney is privileged and can't be

1 shared with anyone.

2 Do each of you understand your right to silence? Mr.
3 Hinojosa?

4 MR. HINOJOSA: Yes.

5 THE COURT: And Mr. Sblendorio?

6 MR. SBLENDORIO: Yes.

7 THE COURT: Each of you also has the right to be
8 represented by an attorney at all stages of your case. If you
9 can't afford an attorney, you can ask the Court to appoint one
10 for you.

11 Mr. Hinojosa, are you requesting the Court appoint an
12 attorney to represent you?

13 MR. HINOJOSA: Yes.

14 THE COURT: Okay. How about you, Mr. Sblendorio?

15 MR. SBLENDORIO: Yes, Your Honor.

16 THE COURT: All right. I need to ask each of you
17 some questions about your finances.

18 Please raise your right hand. Do each of you
19 solemnly swear that the information you're about to give me
20 concerning your financial condition is the truth, the whole
21 truth, and nothing but the truth? Mr. Hinojosa?

22 MR. HINOJOSA: Yes.

23 THE COURT: Mr. Sblendorio?

24 MR. SBLENDORIO: Yes.

25 THE COURT: All right. You can lower your hands.

1  I'll talk to you first, Mr. Hinojosa.  Have you had a job
2  during the past 12 months?
3              MR. HINOJOSA:  Yes.
4              THE COURT:  How much is your monthly income from that
5  job?
6              MR. HINOJOSA:  Monthly income I would say is $16 --
7  $1,600.
8              THE COURT:  $16,000?
9              WOMAN:  No --
10             MR. HINOJOSA:  No, $1,600.
11             THE COURT:  Oh, $1,600.  Okay.  Okay.  Do you have
12 any bank accounts?
13             MR. HINOJOSA:  Yes.
14             THE COURT:  What -- about how much money is in those
15 accounts?
16             MR. HINOJOSA:  I have one Bank of America, about $500
17 in the account.
18             THE COURT:  Okay.  Do you own a house or other real
19 estate?
20             MR. HINOJOSA:  I own a house.
21             THE COURT:  About how much is the house worth?
22             MR. HINOJOSA:  About 345,000.
23             THE COURT:  Do you owe any money on that house?
24             MR. HINOJOSA:  Yes.
25             THE COURT:  Do you know approximately how much you

1 owe on the house?

2     MR. HINOJOSA: Approximately 250.

3     THE COURT: Okay. And do you own any vehicles?

4     MR. HINOJOSA: No.

5     THE COURT: Okay. I find that you do qualify for
6 court appointed counsel.

7     So, Ms. Raynor, are you prepared to accept
8 appointment to represent Mr. Hinojosa?

9     MS. RAYNOR: Yes, Your Honor, I am.

10     THE COURT: Okay. So, I'll be appointing Ms. Raynor
11 to represent you.

12     Now, Mr. Sblendorio. Have you had a job during the
13 past 12 months?

14     MR. SBLENDORIO: I have had a job in the past 12
15 months, Your Honor.

16     THE COURT: Okay.

17     MR. SBLENDORIO: I'm currently unemployed --

18     THE COURT: Okay.

19     MR. SBLENDORIO: -- unemployed --

20     THE COURT: Okay. So, when did you stop employment?

21     MR. SBLENDORIO: May 20th of this year.

22     THE COURT: Okay. So, what have -- so, you've had no
23 monthly income since May 20th?

24     MR. SBLENDORIO: Unemployment benefits.

25     THE COURT: About how much are those benefits?

1     MR. SBLENDORIO: $1,800 a month.

2     THE COURT: Okay. What was your monthly income prior
3  to May 20th?

4     MR. SBLENDORIO: Like 9.

5     THE COURT: $9,000?

6     MR. SBLENDORIO: Yeah.

7     THE COURT: Okay. How much money do you have in your
8  bank accounts?

9     MR. SBLENDORIO: About $30,000.

10    THE COURT: Do you own any houses or other real
11 estate?

12    MR. SBLEDNORIO: Yes.

13    THE COURT: How much is the property worth?

14    MR. SBLENDORIO: I believe its appraising 235 -- 242.

15    THE COURT: So, we'll just say about 240'ish?

16    MR. SBLENDORIO: Yeah.

17    THE COURT: How much do you owe on the property; do
18 you know?

19    MR. SBLENDORIO: I don't.

20    THE COURT: Okay. Do you own it outright?

21    MR. SBLENDORIO: Yes, Your Honor.

22    THE COURT: You don't owe anything?

23    MR. SBLENDORIO: Correct.

24    THE COURT: Okay. Do you have any cars?

25    MR. SBLENDORIO: Yes. Yes, Your Honor.

1   THE COURT: About how much are those vehicles worth?
2   How many vehicles are we talking about?
3   MR. SBLENDORIO: I have four motorcycles and two
4   vehicles. I think the total on them -- I think $70,000 total.
5   THE COURT: Okay.
6   MR. SBLENDORIO: $60,000, something like that. I'm
7   just doing some quick math in my head.
8   THE COURT: Okay. All right. I will grant your
9   request for court appointed counsel, but you'll need to pay
10  some money into the fund for a court appointed counsel. And
11  so, I'll require you to put $10,000 into that fund for
12  representation unless you decide to hire your own attorney.
13  MR. SBLENDORIO: I will most likely have my own
14  attorney.
15  THE COURT: Okay. Well, then --
16  MR. SBLENDORIO: As a result of the, you know, the
17  evidence.
18  THE COURT: Okay. All right. Well then, what I'll
19  do is, I'll -- let's -- when do you think you're going to hire
20  an attorney?
21  MR. SBELNDORIO: As soon as possible.
22  THE COURT: Okay. So, I'll say you're going to pay
23  $10,000 unless you hire your own counsel by, let's put a
24  deadline here. How about I give you a month?
25  MR. SBLENDORIO: Yes, Your Honor.

1   THE COURT: Unless you retain counsel by November --
2   well, my calendar is slow to pull up. Okay. November 29 is
3   Friday. Okay, by November 29th. All right? Okay. But for
4   now, I'll go ahead and appoint you counsel.
5   So, Mr. Troiani, are you willing to accept
6   representation for Mr. Sblendorio?
7   MR. TROIANI: Yes, Your Honor.
8   THE COURT: Okay. Thank you. All right. Under Rule
9   5(f), counsel for the United States is ordered to comply with
10  its disclosure obligations under Brady v. Maryland and its
11  progeny. Failure to do so could result in dismissal of
12  charges, exclusion of evidence, adverse jury instructions,
13  contempt proceedings, and sanctions. Does the Government
14  understand its disclosure obligation?
15  MR. BLACK: It does, Your Honor.
16  THE COURT: Okay. The Court will enter a formal
17  Brady order.
18  What is the Government's position regarding release
19  for each -- first let's talk about Mr. Hinojosa.
20  MR. BLACK: Your Honor, the Government's going to go
21  for detention with respect to both individuals.
22  THE COURT: Okay.
23  MR. BLACK: Including Mr. Hinojosa. It's basis for
24  that are under (F)(1)(a), (b), and (e), as well as (F)(2)(b).
25  THE COURT: Okay. All right. What is -- let me ask

1    Ms. Raynor first. Have you discussed the detention hearing
2    issue with your client?
3             MS. RAYNOR: Yes, I have, Your Honor.
4             THE COURT: Okay. What would he like to do?
5             MS. RAYNOR: He's like a detention hearing.
6             THE COURT: Okay. And then Mr. Troiani, what about
7    your client?
8             MR. TROIANI: Same, Your Honor.
9             THE COURT: Okay. Let's see if we can get you all
10   scheduled. It's probably going to be Friday.
11            MR. TROIANI: Your Honor, I am scheduled to be out of
12   town on Friday.
13            THE COURT: Okay.
14            MR. TROIANI: I'm available tomorrow and Thursday,
15   and on Tuesday.
16            THE COURT: Is tomorrow too soon?
17            MS. RAYNOR: Yes. Thursday is better for me.
18            THE COURT: Okay. Thursday. Do we have any openings
19   left on Thursday?
20            CLERK: We've got three on Thursday at 10:00. Can
21   you (indiscernible) at 9:00?
22            THE COURT: Let me see. Let me see which ones they
23   are.
24            CLERK: Actually, you have two at 9:00.
25            THE COURT: Oh, that's right.

1    CLERK: There's two at 9:00. Do you see?

2    THE COURT: Okay. I mean, if you all are willing to
3    start early, we can do it at 9:00.

4    MS. RAYNOR: That's fine for me.

5    THE COURT: Is that fine?

6    MR. TROIANI: That's fine.

7    THE COURT: Okay. We didn't schedule -- is that when
8    we scheduled the arraignment, Ms. Willborg?

9    CLERK: No, that's for tomorrow.

10   THE COURT: That's tomorrow. I'm getting my days
11   mixed up. Okay. All right. So, the Government is requesting
12   that each of you be held in custody until the trial of your
13   case. You are entitled to a detention hearing where the
14   Government would have to present evidence that your release
15   would pose a risk of flight or a danger to the community so
16   that you couldn't safely be released on bond. So, that's what
17   we're doing right now is scheduling that hearing which will be
18   on Thursday morning at 9:00 a.m. All right. And should we
19   just defer their arraignment until then?

20   MR. TROIANI: That's fine.

21   MS. RAYNOR: (Indiscernible) yes.

22   THE COURT: Okay. And so, following the detention
23   hearing, we'll also proceed to arraignment where you -- each of
24   you will be entering a plea to the charges against you. All
25   right? Is there anything else that we can do today?

1       MR. BLACK: No, Your Honor.

2       MS. RAYNOR: Nothing further, Your Honor.

3       MR. TROIANI: Not at this time, Your Honor.

4       THE COURT: All right. Thank you very much. We'll
5 see you back here on Thursday.

6       MS. RAYNOR: All right.

7       MR. TROIANI: Are we excused?

8       THE COURT: Yes.

9       MR. TROIANI: Thank you.

10      THE COURT: And we are adjourned.

11    (Hearing adjourned at 2:21 PM)

12                   * * * *

13

14

15

16

17

18

19

20

21

22

23

24

25

I N D E X


RULINGS

| | Page | Line |
|---|---|---|
| Government's oral motion to unseal the indictment is granted | 4 | 1 |
| Mr. Hinojosa is eligible for court appointed counsel | 8 | 5 |
| Mr. Sblendorio is eligible for court appointed attorney with $10,000 down if he doesn't hire counsel on his own by November 29, 2024 | 11 | 1 |
| Formal Brady order entered in this case | 11 | 16 |

C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

*[Signature: Sonya M. Ledanski Hyde]*

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date:  December 27, 2024