**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **JOHN M. PFEFFER**, <br><br> Defendant. | **Case No.** 24-CR-00543-01-CR-H-KPE |

**GOVERNMENT'S SUGGESTIONS IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER**

The Government respectfully requests that this Court deny Defendant's Motion for Revocation of Detention Order filed on March 23, 2025, and in support thereof offers the following suggestions:

## I. PROCEDURAL HISTORY

On February 11, 2025, a federal grand jury seated in Houston, Texas, returned an indictment charging Defendant with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); two counts of assault in aid of racketeering activity, in violation of 18 U.S.C. §§ 1959(a)(3) and 2; and using, carrying, brandishing, discharging, and possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (D.E. 67.) The Indictment alleges that Defendant was a member of the Bandidos Outlaw Motorcycle Gang ("OMG") and perpetrated multiple acts of violence on behalf of the enterprise, including one resulting in the death of a rival. (D.E. 67.). Defendant was arrested on February 19, 2025, and appeared before the Honorable Dena Hanovice Palermo, United States Magistrate Judge, Southern District of Texas.

The Government moved for Defendant's detention, and he was temporarily detained pending a hearing on the Government's motion. (D.E. 134.)

On February 26, 2025, and March 3, 2025, a detention hearing was held before the Honorable Richard W. Bennett, United States Magistrate Judge, Southern District of Texas, whereat the parties made arguments regarding Defendant's release from custody pending trial. The Government also elicited testimony from an investigating agent regarding Defendant's role in the enterprise, including the fact that he is the president of the "Welcome to Hell" chapter of the Bandidos, which is known for its violence. Evidence was also introduced concerning Defendant's role in an assault of a rival gang member at a bar in September 2020 resulting in a death, an assault and robbery of members of a motorcycle club at a bar in February 2023, and threats to a witness in May 2024.

Judge Bennett issued a written order following the hearing finding, by clear and convincing evidence, that Defendant poses a danger to the community and detaining him pending trial. (D.E. 215.) In reaching his decision to detain Defendant, Judge Bennett noted the rebuttable presumption under 18 U.S.C. § 3142(e)(3). (D.E. 215.) That presumption is that there is "no condition or combination of conditions [that] will reasonably assure the appearance of the defendant as required and the safety of any other person and the community." (D.E. 215.) Judge Bennett found that the rebuttable presumption was applicable because there was probable cause to believe that Defendant committed a violation of 18 U.S.C. § 924(c). (D.E. 215.)

Based on the evidence, Judge Bennett concluded that Defendant failed to rebut the presumption under section 3142(e) with respect to danger to the community and detention was warranted on that basis alone. (D.E. 215.) That finding, however, did not end the Court's analysis, and Judge Bennett made additional findings of fact and law. Judge Bennett considered the

2

detention factors set forth in 18 U.S.C. § 3142(g) and specifically concluded that the Government demonstrated Defendant is a threat to public safety by clear and convincing evidence. (D.E. 215.) Judge Bennett noted various reasons for his ruling, including the weight of the evidence against Defendant, fact that he is subject to a lengthy period of incarceration if convicted, his prior criminal history, and a history of violence or use of weapons. (D.E. 23.) The Court further explained:

> Defendant is the chapter president of the violent Welcome to Hell Chapter of the Bandidos Outlaw Motorcycle gang and, as such, is responsible for enforcing orders to attack other rival gang members. Defendant wears the expect no mercy patch and safari hunter patch which are earned by harming rival gang members and actively hunting them. Defendant has been involved in multiple violent attacks on rival gang members including at the [Hawg] Stop in 2020 where he initiated a fight with a rival gang member by punching and beating him, which led to one of the gang members shooting and killing the victim. Defendant was shot during the attack, fled, went to the hospital, and was found with a Glock clip, several rounds of ammunition, and gunshot residue on his clothing.
>
> Defendant was also involved in a vicious beating of a Gray Beard gang member at a bar in 2023, that resulted in a concussion, lacerations, and staples to the victim. He was identified by witnesses, surveillance, and cell site data to be at the scene. He was also found in a vehicle in July 2024 with other gang members possessing a gun during what appeared to be ongoing drug transactions. Other guns and some drugs were found in the vehicle. Further, during a search warrant, Defendant tried to get rid of his phone by throwing it in nearby water. In 2024, Defendant also threatened a cooperating witness by saying they were going to get him. Defendant was also found in possession of multiple firearms and body armor in his residence.
>
> Defendant has prior arrests for obstruction or retaliation and unlawful possession of a firearm by a gang member. Based on a history and pattern of violence, threats to a witness, drug dealing, serious nature of the charges and strength of the evidence, detention is warranted.

(D.E. 215.) Based on the foregoing, Judge Bennett ordered Defendant detained pending trial. (D.E. 215.)

On March 23, 2025, Defendant filed a Motion for Revocation of Detention Order, arguing that he sufficiently rebutted the presumption of detention and does not pose a flight risk. (D.E. 237.) Defendant also disagrees with Judge Bennett's assessment of the statutory factors in 18

3

U.S.C. § 3142(g) and submits that there are conditions the Court can fashion to assure community safety. (D.E. 237.) Defendant proposes that he be released subject various conditions, including location monitoring and home detention. (D.E. 237.) For the following reasons, Defendant's motion should be denied.

## II. ANALYSIS

The Court should deny Defendant's motion, because he has not demonstrated a sufficiently compelling reason to revisit Judge Bennett's decision. "Under the Bail Reform Act, . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(e)). Subject to rebuttal, "when a 'judicial officer finds that there is probable cause to believe' that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention." *Id*. "A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. Thus, when the Government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention." *Id*. (citation omitted). In the present case, a grand jury returned an indictment charging Defendant with a violation of 18 U.S.C. § 924(c). Therefore, the statutory presumption applies.

"Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id*. at 946. In determining whether the Government has met this burden, courts must consider:

4

>    (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>    (2) the weight of the evidence against the person;
>
>    (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* (citing 18 U.S.C. § 3142(g)). Danger to the community does not only refer to physical violence but extends to any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990); *see also United States v. Boy*, 322 F. App'x 598, 600 (10th Cir. 2009) ("The concept of safety of the community under § 3142(e) is not limited to the danger of physical violence, but rather refers to the danger that the defendant might engage in criminal activity to the detriment of the community." (internal quotation and citation omitted)).

All of the facts Judge Bennett cited when explaining his original decision to detain Defendant as a danger to the community are still present. As Judge Bennett noted in his Order of Detention Pending Trial, the Government presented evidence that Defendant "has been involved in multiple violent attacks on rival gang members," including a fight he initiated on a rival gang member in 2020 and "a vicious beating" of other gang members in 2023. (D.E. 215.) Judge Bennett also expressed concerns regarding "multiple firearms and body armor" recovered from

Defendant's residence, as well as his "prior arrests for obstruction or retaliation and unlawful possession of a firearm by a gang member." (D.E. 215.) All of these factors continue to demonstrate that Defendant represents a danger to the community by clear and convincing evidence.

In his motion, Defendant does not offer any information that was not known or available at the time of his original detention hearing. Instead, Defendant emphasizes the fact that he was in truck driving school, a lack of significant criminal history, and the age of some allegations against him, all of which was known to Judge Bennett when he ordered Defendant detained. Likewise, the availability of conditions such as location monitoring and home detention were known, which Judge Bennett implicitly rejected in his order. Ultimately, Defendant simply disagrees with Judge Bennett's assessment of the evidence, despite Judge Bennett explicitly citing the "strength of the evidence" in his order. (D.E. 215.) That evidence demonstrated that Defendant was involved in multiple violent assaults on behalf of a gang and ultimately attained the rank of president in his own, notoriously violent chapter of the Bandidos. It also showed that Defendant was involved in a sustained pattern of dangerous criminal behavior beginning in 2020 and continuing through present. On these facts, Judge Bennett's conclusion that there were no conditions that would reasonably assure public safety was eminently reasonable.

## III. CONCLUSION

WHEREFORE, based on the foregoing, the United States requests that the Court deny Defendant's motion without further hearing.

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

By  *(signature)*
Byron H. Black
Assistant United States Attorney
SDTX Fed. No. 3874745
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9432
Email: Byron.Black@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on March 31, 2025, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

*(signature)*
Byron H. Black
Assistant United States Attorney