**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **Case No.** 24-00543-13-CR-H-KPE |
| **MARCEL LETT**, | |
| Defendant. | |

**GOVERNMENT'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S**
**MOTION TO REMOVE HOME DETENTION AND ELECTRONIC MONITORING**

The Government respectfully requests that this Court deny Defendant's Motion to Remove Home Detention and Electronic Monitoring filed on April 23, 2025, and in support thereof offers the following suggestions:

## I. PROCEDURAL HISTORY

On February 11, 2025, a federal grand jury seated in Houston, Texas, returned an indictment charging Defendant with assault in aid of racketeering activity, in violation of 18 U.S.C. §§ 1959(a)(3) and 2; and using, carrying, brandishing, discharging, and possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (D.E. 67.) Defendant was arrested on February 19, 2025, and appeared before the Honorable Dena Hanovice Palermo, United States Magistrate Judge, Southern District of Texas, the following day. The Government moved for Defendant's detention, and he was temporarily detained pending a hearing on the Government's motion. (D.E. 153.) On February 27, 2025, a detention hearing was held before the Honorable Richard W. Bennett, United States Magistrate Judge, Southern District of Texas, whereat the parties made arguments regarding Defendant's release from custody pending

trial. The Government also elicited testimony from an investigating agent regarding the facts underlying the charges, which included a violent assault of a rival gang member that resulted in the rival's death. The Court also heard testimony regarding Defendant's position in the Mascareros, a support club for the Bandidos Outlaw Motorcycle gang.

Judge Bennett issued an order following the hearing releasing Defendant on bond, subject to various conditions to ensure his appearance and public safety. (D.E. 200.) Among other things, Defendant was ordered to home confinement with location monitoring. (D.E. 200.) In his order, Judge Bennett concluded these were the least restrictive conditions necessary to assure Defendant's appearance and the safety of the community. (D.E. 200 at 2.) Defendant was subsequently released from custody. On April 23, 2025, Defendant filed a Motion to Remove Home Detention and Electronic Monitoring, arguing that he should not be subject to home confinement or location monitoring because it is interfering with his ability to secure work and his trial is currently scheduled for October 2025. (D.E. 289 at 1.) For the following reasons, Defendant's motion should be denied.

## II. ANALYSIS

The Court should deny Defendant's motion, because he has not demonstrated a sufficiently compelling reason to amend the conditions of his release at this time. Section 3145(a) permits a defendant to seek amendment of a release order. 18 U.S.C. § 3145(a). When considering whether release is appropriate and, if so, what conditions should be imposed, section 3142(g) lists various factors the Court should consider. These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and the characteristics of the defendant, including his or her criminal history, and; (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18

U.S.C. § 3142(g). Danger to the community not only refers to physical violence, but also encompasses any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990).

Judge Bennett analyzed these factors and determined that home detention and location monitoring were necessary to ensure Defendant's future appearance in court and public safety. Defendant does not allege a change in circumstances such that a re-examination of Judge Bennett's decision with respect to location monitoring is justified—nothing has occurred to otherwise mitigate the risk of non-appearance or danger. And although Defendant appears to have complied with his conditions of release thus far, that is simply what is expected of him and does not provide a basis to modify his conditions. The Government has grave concerns about the danger Defendant poses to the community given his association with a violent outlaw motorcycle gang. The fact that Defendant's trial is now scheduled for October 2025 does not mitigate those concerns, nor is it a factor under the Bail Reform Act. Home detention and location monitoring are necessary to ensure community safety and the Court's decision regarding that condition need not be revisited.

### III.  CONCLUSION

WHEREFORE, based on the foregoing, the United States requests that the Court deny

Defendant's motion without further hearing.

> NICHOLAS J. GANJEI
> United States Attorney
> Southern District of Texas
>
>
> By
> Byron H. Black
> Assistant United States Attorney
> SDTX Fed. No. 3874745
> 1000 Louisiana Street, Suite 2300
> Houston, Texas 77002
> Telephone: (713) 567-9432
> Email: Byron.Black@usdoj.gov

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on April 28, 2025, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

> Byron H. Black
> Assistant United States Attorney