**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **RONNIE MCCABE**, <br><br> Defendant. | **Case No.** 24-CR-00543-10-CR-H-KPE |

**GOVERNMENT'S SUGGESTIONS IN OPPOSITION TO**
**DEFENDANT'S MOTION TO REVOKE DETENTION ORDER**

The Government respectfully requests that this Court deny Defendant's Motion to Revoke Detention Order filed on May 9, 2025, and in support thereof offers the following suggestions:

### I. PROCEDURAL HISTORY

On February 11, 2025, a federal grand jury seated in Houston, Texas, returned an indictment charging Defendant with assault in aid of racketeering activity, in violation of 18 U.S.C. §§ 1959(a)(3) and 2; and using, carrying, brandishing, discharging, and possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (D.E. 67.) The indictment alleges that Defendant was a member of the Bandidos Outlaw Motorcycle Gang ("OMG") and participated in violence on behalf of the criminal enterprise. (D.E. 67.). Defendant was arrested on February 19, 2025, and appeared the following day before the Honorable Dena Hanovice Palermo, United States Magistrate Judge, Southern District of Texas. The Government moved for Defendant's detention, and he was temporarily detained pending a hearing on the Government's motion. (D.E. 193.)

On March 6, 2025, a detention hearing was held before the Honorable Yvonne Y. Ho, United States Magistrate Judge, Southern District of Texas, whereat the parties made arguments regarding Defendant's release from custody pending trial. The Government elicited testimony from an investigating agent regarding Defendant's role in the enterprise, including the fact that he was a sergeant-at-arms in the Baytown chapter of the Bandidos and is now with the Cloverleaf chapter. The Court also heard evidence concerning Defendant's role in an assault of rival gang members at a bar in September 2020, which left one of the rivals dead. Specifically, Defendant summoned other Bandidos members to the bar after spotting rivals and directly participated in an assault and robbery of one of the rivals. Meanwhile, another rival was assaulted and slain in a contemporaneous assault. Judge Ho heard further testimony regarding an incident in May 2024 where Defendant was in an armed confrontation with rival gang members at a gas station in Baytown, Texas. Finally, the Government elicited testimony regarding Defendant's arrest, including the fact that Defendant refused to exit his residence, which law enforcement had to forcefully breach. During a search of Defendant's residence, investigators discovered multiple firearms, body armor, and Bandidos paraphernalia.

Judge Ho issued a written order following the hearing finding, by clear and convincing evidence, that Defendant poses a danger to the community and detaining him pending trial. (D.E. 231.) In reaching her decision to detain Defendant, Judge Ho noted the rebuttable presumption under 18 U.S.C. § 3142(e)(3). (D.E. 231.) That presumption is that there is "no condition or combination of conditions [that] will reasonably assure the appearance of the defendant as required and the safety of the community." (D.E. 231.) Judge Ho found that the rebuttable presumption was applicable because there was probable cause to believe that Defendant committed a violation of 18 U.S.C. § 924(c). (D.E. 231.)

Based on the evidence, Judge Ho concluded that Defendant successfully rebutted the presumption under section 3142(e). (D.E. 231.) That finding, however, did not end the Court's analysis, and Judge Ho made additional findings of fact and law. Judge Ho considered the detention factors set forth in 18 U.S.C. § 3142(g) and specifically concluded that the Government demonstrated Defendant is a threat to public safety by clear and convincing evidence. (D.E. 231.) Judge Ho noted various reasons for her ruling, including the weight of the evidence against Defendant, fact that he is subject to a lengthy period of incarceration if convicted, his prior criminal history, and a history of violence or use of weapons. (D.E. 23.)  The Court further explained:

> Defendant is charged with serious and violent offenses, namely assault in aid of racketeering activity resulting in serious bodily injury, 18 U.S.C. § 1959(a)(3), and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and aiding and abetting both violations, 18 U.S.C. § 2. The charges stem from Defendant's acts on behalf of a violent motorcycle gang, the Bandidos, for which he also holds the rank of Sergeant at Arms for a local Bandidos chapter. In that capacity, Defendant summoned other Bandidos members to confront members of a rival gang (the Brothers East, or Beast) at the Hawg Stop Bar on September 26, 2020. When a fight broke out, Defendant chased a member of Beast, assaulted him, and robbed the member of his "cut" (a vest or jacket touting the individual's affiliation with the motorcycle club). Other gang members attacked a second Beast member, ultimately shooting and killing him. Nor was that Defendant's first violent offense. He has prior felony assault and weapons charges, which, although later reduced, nevertheless raise concerns about Defendant's dangerousness.
>
> Most recently, Defendant menaced members of a rival gang in May 2024, at a truck stop. Photograph evidence depicts him with his hands grasping two holstered pistols. The confrontation, which involved numerous other members of the Bandidos and the rival gang, resulted in shots being fired. Defendant's violent acts and threats of violence against Bandidos rivals in public locations underscore that his release would seriously endanger the community's safety. They show Defendant's willingness to inflict physical harm to advance the Bandidos's objectives. He also remains a member of the Bandidos. A search of his home found numerous firearms and body armor in his possession. And his wife is a Bandidos follower, as reflected by her own Bandidos paraphernalia touting herself to be a supporter of a Bandidos member. Releasing Defendant to return home with his wife is therefore a wholly inadequate safeguard.

(D.E. 231.) Based on the foregoing, Judge Ho ordered Defendant detained pending trial. (D.E. 231.)

On April 10, 2025, a federal grand jury seated in Houston, Texas, returned a second superseding indictment charging Defendant with the same offenses alleged in the prior indictment. (D.E. 252.) Defendant appeared for an arraignment on the second superseding indictment on April 17, 2025. (D.E. 264.)

On May 9, 2025, Defendant filed a Motion to Revoke Detention Order, arguing that waiting until 2025 to seek an indictment against Defendant counsels in favor of his release. (D.E. 297.)[1] Defendant also criticizes the lack of physical evidence at the detention hearing, disputes Judge Ho's assessment of the 3142(g) factors, and submits that there are conditions the Court can fashion to assure community safety. (D.E. 297.) For the following reasons, Defendant's motion should be denied.

## II. ANALYSIS

The Court should deny Defendant's motion, because he has not demonstrated a sufficiently compelling reason to revisit Judge Ho's decision, which was informed by substantial testimony elicited during a lengthy detention hearing, where Defendant had an opportunity to conduct cross examination and introduce his own evidence. "Under the Bail Reform Act, . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(e)). Subject to rebuttal, "when a 'judicial officer finds that there is probable

---

[1] Additionally, unnecessarily and without good cause, counsel for Defendant accuses the Government of "gross negligence," "disingenuous[ness]," and seeking to detain Defendant in bad faith. The Government simply notes that these allegations—which appear gratuitous in this instance—are inconsistent with the duties of courtesy and civility set forth in the Southern District of Texas Guidelines for Professional Conduct and the Texas Lawyer's Creed.

4

cause to believe' that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention." *Id*. "A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. Thus, when the Government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention." *Id*. (citation omitted). In the present case, a grand jury returned an indictment charging Defendant with a violation of 18 U.S.C. § 924(c). Therefore, the statutory presumption applies and remains a factor even if ultimately rebutted.

"Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id*. at 946. In determining whether the Government has met this burden, courts must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>> (2) the weight of the evidence against the person;
>>
>> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

5

*Id.* (citing 18 U.S.C. § 3142(g)). Danger to the community does not only refer to physical violence but extends to any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990); *see also United States v. Boy*, 322 F. App'x 598, 600 (10th Cir. 2009) ("The concept of safety of the community under § 3142(e) is not limited to the danger of physical violence, but rather refers to the danger that the defendant might engage in criminal activity to the detriment of the community." (internal quotation and citation omitted)).

All of the facts Judge Ho cited when explaining her original decision to detain Defendant as a danger to the community are still present. As Judge Ho noted in her Order of Detention Pending Trial, the Government presented evidence that Defendant is a ranking member within the Bandidos who summoned fellow gang members to confront a rival gang at a bar in September 2020. (D.E. 297.) During the confrontation that followed, Defendant chased a rival gang member, assaulted him, and robbed the rival of his "cut." (D.E. 297.) Then, in May 2024, Defendant "menaced members of a rival gang" while armed during a confrontation that "resulted in shots being fired." (D.E. 297.) Judge Ho concluded that this evidence showed "Defendant's willingness to inflict physical harm to advance the Bandidos' objectives," often in public locations, and his release "would seriously endanger the community's safety." (D.E. 297.) These facts continue to demonstrate that Defendant represents a danger to the community by clear and convincing evidence.

In his motion, Defendant does not offer any pertinent information that was not known or available at the time of his original detention hearing. Rather, Defendant cites the delay in charges as evidence that he does not represent a danger. While the Government endeavors to bring charges as swiftly as possible, it must balance that desire against the need to ensure it is bringing

meritorious charges based on sufficient, admissible evidence to prove them beyond a reasonable doubt at trial. This necessarily takes time, particularly in complex gang investigations such as this one. And during that period between September 2020 and indictment, Defendant showed that he has not removed himself from violent encounters with rival gangs, as evinced by the May 2024 armed gas station confrontation with a rival. Finally, although much of it is remote, Defendant's arrest history—which includes assault, aggravated assault, robbery, criminal possession of a weapon, and unlawful carrying of a weapon—further deepens public safety concerns posed by his release.

In summary, for purposes of detention, the evidence demonstrates that Defendant is a sergeant-at-arms within a violent motorcycle gang who has previously carried out violence on the gang's behalf. When arrested, firearms and body armor were found in Defendant's residence. As such, Defendant remained ready and able to aid the Bandidos in their ongoing war with a rival gang, which he was obliged to do as a member. On these facts, Judge Ho's conclusion that there were no conditions that would reasonably assure public safety was eminently reasonable.

### III. CONCLUSION

WHEREFORE, based on the foregoing, the United States requests that the Court deny Defendant's motion.

                                        NICHOLAS J. GANJEI
                                        United States Attorney
                                        Southern District of Texas

By  /s/ Byron H. Black
                                        Byron H. Black
                                        Assistant United States Attorney
                                        SDTX Fed. No. 3874745
                                        1000 Louisiana Street, Suite 2300
                                        Houston, Texas 77002
                                        Telephone: (713) 567-9432
                                        Email: Byron.Black@usdoj.gov

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on June 9, 2025, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

/s/ Byron H. Black
Byron H. Black
Assistant United States Attorney