IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:24-CR-543-13 |
| | § | |
| MARCEL LETT | § | |

## DEFENDANT LETT'S MOTION FOR CONTINUANCE

Comes now, Defendant MARCEL LETT, through undersigned counsel, and files this Motion for Continuance and in support thereof would show the Court the following:

1. Defendant Marcel Let is charged in two counts of a 14 Defendant 34 Count Superseding Indictment. Count Two of the Indictment charges Defendant with assault with a dangerous weapon in aid of racketeering and assault resulting in serious bodily injury in aid of racketeering. The in aid of racketeering element is charged "for the purpose of gaining entrance to, and maintaining and increasing his position in, the Bandidos." Count Three of the indictment charges using, carrying, brandishing and discharging a firearm in relation to a crime of violence. Count Three incorporates the Count Two assault with a dangerous weapon in aid of racketeering and assault resulting in serious bodily injury in aid of racketeering as set forth in Count Two.

2. Trial is presently scheduled for October 27, 2025, with a final pretrial conference set for October 17, 2025.

3.  Discovery in this case is extremely voluminous. The government originally provided Defendants with a portable hard drive of discovery containing a myriad of documents, videos, photographs and spreadsheets. However, many of the files were either corrupt or accessible only through specialized software. Thereafter, a Coordinating Discovery Attorney ("CDA") was appointed to marshal the discovery into a more readily accessible format. The CDA received two batches of discovery from the government, Production 1, already provided to defense counsel as stated above, and Production 2. Combined, the discovery totaled 469.6 *gigabytes*. The discovery was so massive that it took the CDA until the first week of July to complete their work on the discovery and provide a portable hard drive to defense counsel. The CDA in a report to the Court states that the discovery is so extensive that it makes it "impossible to review every item". To aid in this review, the CDA is exploring the use of an e-discovery database so defense counsel can perform keyword searches relevant to their defense in this case but is still "evaluating the materials to determine which e-discovery service to recommend".

4.  It is respectfully submitted that the trial date is unreasonable in light of the number of defendants, complexity of the case, and most importantly, the volume and present format of the discovery. It is submitted that it will be impossible to review the voluminous discovery and adequately prepare for trial until the CDA is able to complete the e-discovery database and provide defense counsel an adequate time to

use same. Trying to review the discovery in its present format would result in ineffective assistance of counsel.

5. Undersigned counsel submits that a realistic trial date would be February 2026, provided the CDA completes their task within the next 30 days.

6. Undersigned counsel is cognizant of the fact there are several Defendants that have been detained pending trial. Nevertheless, this should not interfere with undersigned counsel's duty with respect to Defendant Lett to review all of the government's discovery. In the event the Court determines the need of the detained Defendants to proceed to trial as scheduled trumps the right of Defendant Lett to adequately review the discovery, Defendant Lett requests that his case be severed from that of the detained Defendants.

7. This motion is filed for good cause and not for purposes of delay. The ends of justice served by such a continuance outweigh the best interest of the public and the Defendant in a speedy trial.

8. On July 31, 2025, undersigned counsel conferred with AUSA Black, who is unopposed to a continuance. However, the lead government attorney in this case has a trial setting in California in February 2026 that is reasonably likely to go and last 2 months. Therefore, he requests a trial setting in June 2026 to avoid the potential conflict. Undersigned counsel also e-mailed the following attorneys presently listed as attorney of record for the following defendants and received the responses indicated:

| | | |
|---|---|---|
| Ryan Gertz | Defendant Pfeffer (1) | Unopposed |
| Ali R. Fazel | Defendant Dunphy (2) | Unopposed |
| Charles Flood | Defendant Hinojosa (3) | Unopposed |
| Jed Silverman | Defendant Splendorio (4) | Opposed |
| Michael DeGeurin, Jr. | Defendant Rickenbacker (5) | Unopposed |
| Lisa Andrews | Defendant Vargas (6) | Opposed |
| Romy Kaplan | Defendant Gomez (7) | Unopposed |
| James Alston | Defendant Sanchez (8) | Unopposed |
| James Stafford | Defendant Baker (9) | Unopposed |
| Brian Roberts | Defendant McCabe (10) | Unopposed |
| Dan Cogdell | Defendant Hantz (11) | Unopposed |
| Christopher Downey | Defendant Christison (12) | Unopposed |
| Mark Bennett | Defendant Cox (14) | Unopposed |

WHEREFORE, Defendant prays that this case be continued as requested above.

Respectfully submitted,

  /s/ Richard Kuniansky
RICHARD KUNIANSKY
State Bar No. 11762840
440 Louisiana, Suite 200
Houston, Texas 77002
Telephone:  (713) 622-8333
Facsimile:   (713) 224-2815
ATTORNEY FOR DEFENDANT
MARCEL LETT

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that service of the foregoing MOTION FOR CONTINUNCE, has been made by electronic means or U.S. mail this 4th day of August, 2025, to all attorneys of record.

  /s/ Richard Kuniansky
Richard Kuniansky

*D:\Current\Lett CJA\Continuance.wpd*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:24-CR-543-13 |
| | § | |
| MARCEL LETT | § | |

ORDER

Defendant Lett's Motion for Continuance is GRANTED/ DENIED. The trial in this case is reset for _____, 20__ at _____ o'clock __.m. and a new scheduling order shall be issued commensurate with the new trial date. The Court finds that the Defendant's request for additional time to review voluminous discovery and prepare a defense is reasonable. The Court further finds that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial. The delay occasioned by this continuance shall be excludable under the Federal Speedy Trial Act.

SIGNED this ___ day of August, 2025.

_____
Honorable Keith P. Ellison
United States District Judge