UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **Case No.** 24-CR-00543-09-CR-H-KPE |
| **MARKY BAKER**, | |
| Defendant. | |

### GOVERNMENT'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

The Government respectfully requests that this Court deny Defendant's Motion for Reconsideration of the Defendant's Request for Bond filed on December 18, 2025, and in support thereof offers the following suggestions:

### I. PROCEDURAL HISTORY

On February 11, 2025, a federal grand jury seated in Houston, Texas, returned an indictment charging Defendant with assault in aid of racketeering activity, in violation of 18 U.S.C. §§ 1959(a)(3) and 2; and using, carrying, brandishing, discharging, and possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (D.E. 67.) The indictment alleges that Defendant was a member of the Bandidos Outlaw Motorcycle Gang ("OMG") and participated in violence on behalf of the criminal enterprise. (D.E. 67.). Defendant was arrested on February 19, 2025, and appeared the following day before the Honorable Dena Hanovice Palermo, United States Magistrate Judge, Southern District of Texas. The Government moved for Defendant's detention, and he was temporarily detained pending a hearing on the Government's motion. (D.E. 143.)

On March 3, 2025, a detention hearing was held before the Honorable Yvonne Y. Ho, United States Magistrate Judge, Southern District of Texas, whereat the parties made arguments regarding Defendant's release from custody pending trial. The Government elicited testimony from an investigating agent regarding Defendant's role in the enterprise, including the fact that he was previously a president in the Baytown chapter of the Bandidos. The Court also heard evidence concerning Defendant's role in an assault of rival gang members at a bar in September 2020, which left one of the rivals dead. Specifically, Defendant directly participated in an assault of a Bandidos rival who was ultimately slain, which was depicted in a photograph introduced as Exbibit 112 at the detention hearing:



Finally, the Government elicited testimony regarding Defendant's arrest, including that a search of Defendant's residence yielded drug paraphernalia, multiple firearms, methamphetamine, and Bandidos paraphernalia.

Judge Ho issued a written order following the hearing finding, by clear and convincing evidence, that Defendant poses a danger to the community and detaining him pending trial. (D.E. 220.) In reaching her decision to detain Defendant, Judge Ho noted the rebuttable presumption

under 18 U.S.C. § 3142(e)(3). (D.E. 220.) That presumption is that there is "no condition or combination of conditions [that] will reasonably assure the appearance of the defendant as required and the safety of the community." (D.E. 220.) Judge Ho found that the rebuttable presumption was applicable because there was probable cause to believe that Defendant committed a violation of 18 U.S.C. § 924(c). (D.E. 220.)

Based on the evidence, Judge Ho concluded that Defendant successfully rebutted the presumption under section 3142(e). (D.E. 220.) That finding, however, did not end the Court's analysis, and Judge Ho made additional findings of fact and law. Judge Ho considered the detention factors set forth in 18 U.S.C. § 3142(g) and specifically concluded that the Government demonstrated Defendant is a threat to public safety by clear and convincing evidence. (D.E. 220.) Judge Ho noted various reasons for her ruling, including the weight of the evidence against Defendant, fact that he is subject to a lengthy period of incarceration if convicted, his prior criminal history, prior criminal behavior while on supervision, prior supervision violations, a history of substance abuse, and a lack of stable employment. (D.E. 220.) The Court further explained:

> The Government showed, by clear and convincing evidence, that no condition or combination of conditions are adequate to ensure that Defendant Marky Baker would not pose an unreasonable risk of danger to the community if he were released pending trial. First, the nature and circumstances of the underlying charged offenses are extremely serious. Defendant is accused of acting together with other members of the Bandidos outlaw motorcycle gang in a violent assault of a rival gang member—an attack that ultimately resulted in the victim's death. The evidence supporting Defendant's involvement is also strong. Surveillance footage at the Hogstop bar where the attack occurred showed Defendant lying on top of the victim who was pinned to the ground. The victim was then shot and killed by other Bandidos members.
>
> Defendant's history reflects his persistent engagement in criminal activity, including felony convictions for drug and weapons offenses. In addition, Defendant violated his parole (not to mention federal law) by possessing firearms as a convicted felon, as law enforcement discovered when searching his residence in 2020. But even that arrest did not deter Defendant from continuing to unlawfully possess firearms—including one concealed behind an air vent in in his house—as

3

> discovered when he was recently arrested for these new federal charges. After Defendant's latest arrest, law enforcement also found quantities of suspected crystal methamphetamine in Defendant's house, which Defendant later admitted to possessing and using.
>
> Defendant's prior disregard of parole restrictions by possessing firearms he could not lawfully possess underscores both that his release would pose a public danger and that he is unlikely to abide by restrictions designed to mitigate that risk. His proposal to have his girlfriend/fiancée serve as a third-party custodian is an inadequate safeguard. As she testified, she knew full well that Defendant could not lawfully possess firearms, yet she admitted to being unable to control that. She was also aware that Defendant was taking methamphetamine, an illegal substance. All of these activities were happening in their communal residence. It is therefore apparent that Defendant's fiancée lacks sufficient influence to ensure that Defendant would refrain from engaging in illegal activity and would otherwise comply with any court-imposed conditions of release.

(D.E. 220.) Based on the foregoing, Judge Ho ordered Defendant detained pending trial. (D.E. 220.)

On April 10, 2025, a federal grand jury seated in Houston, Texas, returned a second superseding indictment charging Defendant with the same offenses alleged in the prior indictment, as well as possession with intent to distribute five grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 1512(b)(1). (D.E. 252.) Defendant appeared for an arraignment on the second superseding indictment on April 23, 2025. (D.E. 281.)

On December 18, 2025, Defendant filed a Motion for Reconsideration of the Defendant's Request for Bond, largely raising the same arguments made at the original detention hearing and respectfully disagreeing Judge Ho's assessment of the 3142(g) factors. (D.E. 329.) Defendant ultimately contends that the Government did not "submit[] any evidence that Mr. Baker is a danger" beyond the elements of the charged offenses, and therefore there are conditions the Court

4

can fashion to assure community safety. (D.E. 329.) For the following reasons, Defendant's motion should be denied.

## II. ANALYSIS

The Court should deny Defendant's motion, because he has not demonstrated a sufficiently compelling reason to revisit Judge Ho's decision, which was informed by substantial testimony elicited during a lengthy detention hearing, where Defendant had an opportunity to conduct cross examination and introduce his own evidence. "Under the Bail Reform Act, . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(e)). Subject to rebuttal, "when a 'judicial officer finds that there is probable cause to believe' that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention." *Id*. "A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. Thus, when the Government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention." *Id*. (citation omitted). In the present case, a grand jury returned an indictment charging Defendant with a violation of 18 U.S.C. § 924(c). Therefore, the statutory presumption applies and remains a factor even if ultimately rebutted.

"Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id*. at 946. In determining whether the Government has met this burden, courts must consider:

>  (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> 
>  (2) the weight of the evidence against the person;
> 
>  (3) the history and characteristics of the person, including—
> 
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> 
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> 
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* (citing 18 U.S.C. § 3142(g)). Danger to the community does not only refer to physical violence but extends to any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990); *see also United States v. Boy*, 322 F. App'x 598, 600 (10th Cir. 2009) ("The concept of safety of the community under § 3142(e) is not limited to the danger of physical violence, but rather refers to the danger that the defendant might engage in criminal activity to the detriment of the community." (internal quotation and citation omitted)).

All of the facts Judge Ho cited when explaining her original decision to detain Defendant as a danger to the community are still present. As Judge Ho noted in her Order of Detention Pending Trial, the Government presented evidence that Defendant was involved in a serious assault that resulted in the death of a Bandidos rival. (D.E. 220.) Then, when arrested in February 2025, a distribution quantity of methamphetamine and multiple firearms were found in Defendant's residence. (D.E. 220.) As a felon, Defendant could not lawfully possess firearms,

much less firearms in connection with drug trafficking. By doing so, Defendant made the already perilous world of drug trafficking more dangerous still by possessing firearms for the purpose of furthering his criminal activity, as it is well understood that "drugs and guns are a dangerous combination." *Smith v. United States*, 508 U.S. 223, 240 (1993). These facts continue to demonstrate that Defendant represents a danger to the community by clear and convincing evidence.

In his motion, Defendant does not offer any pertinent information that was not known or available at the time of his original detention hearing. Instead, Defendant largely re-argues the same themes raised at the detention hearing but does not offer new, material facts that would change the risk assessment already made by the Court. The evidence continues to demonstrate that Defendant poses a significant danger to the community, and Judge Ho's conclusion that there are no conditions that would reasonably assure public safety is eminently reasonable.

### III. CONCLUSION

WHEREFORE, based on the foregoing, the United States requests that the Court deny Defendant's motion.

                                                NICHOLAS J. GANJEI
                                                United States Attorney
                                                Southern District of Texas

By   /s/ Byron H. Black              
                      Byron H. Black
                      Assistant United States Attorney
                      SDTX Fed. No. 3874745
                      1000 Louisiana Street, Suite 2300
                      Houston, Texas 77002
                      Telephone: (713) 567-9432
                      Email: Byron.Black@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on January 15, 2026, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

_____
Byron H. Black
Assistant United States Attorney