IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff | § | |
| v. | § | CRIM. NO. H–24-543 (9) |
| | § | |
| MARKY BAKER, | § | |
|     Defendant | § | |

**MOTION FOR PRODUCTION OF EXCULPATORY EVIDENCE**

TO THE HONORABLE KEITH P. ELLISON, UNITED STATES DISTRICT COURT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS:

The Defendant, MARKY BAKER, by and through undersigned counsel, moves this Honorable Court for an order requiring the Government to produce any and all evidence in the possession of the government or its agents, which would tend to exculpate the Defendant, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); or which would impeach government witnesses, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). As Judge Matsch held in *United States v. McVeigh*, 954 F. Supp. 1441, 1450 (D. Colo. 1997), "information" within the context of *Brady* and *Giglio*, means "anything said or written, without regard for its reliability, credibility or provability." Furthermore, *Brady* and *Giglio* material goes beyond evidence which actually exculpates an accused,

> There is no requirement that the government present all of the information known to it that can meet the requirements for admissible evidence. The prosecutors may be selective and use only that which they believe will have persuasive effect on the jury. What they may not do is suppress or secrete information known to them which does not fit into the narrative, or which contradicts the evidence used to support that narrative, or which may diminish the credibility of the evidence relied on to tell the story. Stated simply, the prosecutors must not present proof of an historical narrative that they know not to be true. They must disclose to the defense the information known to or available to them which may develop doubt about the truth of the

1

government's narrative.

*Id*. at 1448-49. The rule of *Brady* must be accorded a liberal interpretation. *Kyles v. Whitley*, 514 U.S. 419, 439 (1995). "The government, where doubt exists as to the usefulness of evidence, should resolve such doubts in favor of full disclosure . . . ." *United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984).

## *Brady* must be applied prospectively

The *Brady* obligation imposed on the prosecution must be applied prospectively, not retrospectively. That is to say, the government cannot be permitted to duck its constitutional obligation by asserting that the information or evidence in question is "immaterial" and, therefore, not producible or hope that in case of conviction, a reviewing court concludes that the *Brady* infraction was "harmless" because the documents or information withheld are ultimately deemed to be "immaterial." Within the context of *Brady*, "[e]vidence is 'material' if there is a reasonable probability that disclosure would have changed the result of the trial." *United States v. Carter*, 313 F.Supp.2d 921 (E.D.Wisc. 2004). *See also United States v. Bagley*, 473 U.S. 667, 668 (1985). Of course, that "standard was developed in the context of appellate consideration of the effect of non disclosure" *Id*. As Judge Adelman held in *Carter*,

> the materiality prong presumes that the trial has already occurred and requires the court to determine whether the result could have been different had the evidence been disclosed. But a court deciding whether material should be disclosed prior to trial does not have the luxury of reviewing the trial record.

*Id*. Moreover, a review post trial "determines only whether the improper suppression of evidence violated the defendant's due process rights. However, that the suppression may not have been sufficient to violate due process does not mean that it was proper." *Id*.

In reliance on *United States v. Sudikoff*, 36 F.Supp.2d 1196, 1198 (C.D. Cal. 1999), Judge

Adelman adopted the view that "prior to trial, the standard should simply be whether the evidence is favorable to the accused, i.e. whether it relates to guilt or punishment and tends to bolster the defendant's case or impeach prosecution witnesses ... The materiality component should be *dropped*." *Id.*(emphasis added). *See also United States v. Peitz*, No. 01CR 852, 2002 WL 226865, at 3, 2002 U.S. Dist. LEXIS 2338, at 7 8 (N.D. Ill. Feb. 13, 2002)("In the pretrial context, the government is obligated to disclose all evidence relating to guilt or punishment which might reasonably be considered favorable to the defendant's case, with doubt as to usefulness resolved in favor of disclosure.")

### *Brady* material must be disclosed timely

*Brady* material must be disclosed to defense counsel "in time for it to make a meaningful difference in their trial strategy." *United States v. Fisher*, 106 F.3d 622, 634 635 (5th Cir. 1997), re*versed on other grounds*, *Ohler v. United States*, 529 U.S. 753 (2000). "Disclosure by the government must be made at such a time as to allow the defense to use the favorable material effectively in preparation and presentation of its case, even if satisfaction of this criterion required pre trial disclosure." *United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir. 1976). *See also United States v. Campagnuolo*, 592 F.2d 852, 859 (5th Cir. 1979).

### The prosecution's independent duty

The prosecution has an "independent duty to identify and disclose *Brady* material." *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986), cert. denied, 479 U.S. 1030 (1987). See *Emmett v. Ricketts*, 397 F.Supp. 1025, 1043 (N.D. Ga. 1975). "[T]he prosecutorial duty to produce exculpatory evidence imposed by *Brady* may not be discharged by 'dumping' (even in good faith) a voluminous mass of files, tapes, and documentary evidence ... (The prosecutor) retains the constitutional obligation of initially screening the material before him and handing it over to the

3

defense those to which the defense is unquestionably entitled under *Brady*." *Id.* Simply stated, the prosecution cannot, consistent with its obligation with respect to *Brady*, take the position that because defendants may have access to a huge repository of documents it assumes they are aware of the existence of exculpatory material.

### *Brady* extends to all cooperating investigative entities

The *Brady/Giglio* obligation requires that the prosecutors in this case not only personally conduct a meaningful review of all of the materials collected to date – and those obtained in the future – that are in the possession or control of the Dept. of Justice, including the FBI, but extends, as well, to all materials gathered by other investigative entities that are working in a cooperative effort with the prosecution. *United States v. Antone*, 603 F.2d 566, 569 (5th Cir. 1979).

A cooperating entity does not have to be a "law enforcement" organization in order for *Brady/Giglio* to apply; the prosecution bears the burden of dutifully determining whether exculpatory or impeachment material may be in existence that is in possession of or accessible to such entities. *See Martinez v. Wainwright*, 621 F.2d 184, 187 (5th Cir. 1980); *United States v. Poindexter*, 727 F. Supp. 1470, 1478 (D. D.C. 1989). Moreover, even where cooperation does not exist between the prosecution and an agency or entity, the prosecution, nonetheless, is "deemed to have knowledge of information readily available to it and the failure to provide that information when requested is a violation of the *Brady* rule." *Williams v. Whitley*, 940 F.2d 132, 133 (5th Cir. 1991).

> The fact that this may prove to be difficult, onerous, or time consuming is of no moment: The lawyers appearing on behalf of the United States, speaking for the entire government, must inform themselves about everything that is known in all of the archives and all of the data banks of all of the agencies collecting information which would assist in the construction of alternative scenarios to that which they intend to prove at trial. That is their burden under *Brady*. They must then disclose that which may be exculpatory under the materiality standard of *Kyles*. The

> government has objected to some of Mr. McVeigh's requests as "burdensome." That is not a proper objection. The failure to comply with a constitutional command to present evidence fairly at trial is not excused by any inconvenience, expense, annoyance or delay. Determining materiality of information discoverable under Rule 16 or required to be produced under *Brady* must not be made according to a cost benefit analysis.

*McVeigh*, at 1450.

### The *Brady* requirement extends to non-testifying witnesses known to the prosecution

On information and belief, it is the undersigned counsel's understanding that numerous witnesses have been interviewed by the FBI and/or the prosecutors in this case and may have provided exculpatory information/evidence to the government concerning the Defendant. Whether the government chooses for strategic reasons not to call one or more of these individuals as witnesses at trial, does not, in any way, insulate these potential witnesses' exculpatory statements from the reach of *Brady*. And all such statements, whether memorialized in FBI "302's," mechanical or digital recordings of any nature, or in field notes or other memoranda, must be provided to the defense.

### The rule of *Giglio*

It is axiomatic that the Defendant, as a matter of constitutional law, is entitled to any exculpatory evidence known to the government and this includes evidence which may be useful in impeaching or discrediting a government witness by demonstrating bias or motive, showing that the witness has made inconsistent statements, or has made statements which contradict statements made by other witnesses. *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 766, 31 L. Ed. 2d 104 (1972). See *Barkauskas v. Lane*, 878 F.2d 1031, 1033 (7th Cir. 1989)(holding that *Brady v. Maryland* "extends to materials that would tend to exculpate the defendant by undermining the credibility of a government witness.") As the Supreme Court has held, such evidence "may make

the difference between conviction and acquittal. *Cf., Napue v. Illinois*, 360 U.S. 264, 269, 79 S. Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959) ("'The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.'" *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985).

### *Giglio* "trumps" the Jencks Act

If Giglio material is contained within FBI 302s or any investigative report of cooperating agencies and would be useful as an impeachment tool for the defense in cross examining a government witness, it must be produced even if it is "Jencks" material. *United States v. Williams*, 998 F.2d 258, 269 (5th Cir. 1993) ("even though the FBI FORMS 302 are not discoverable under the Jencks Act, they would be discoverable if they would be exculpatory or tend to reduce the defendant's sentence, or if they would help the defendant to impeach a government witness.").

In order to be fully prepared for trial, it is essential that the prosecution immediately tender to the defense all information of any kind that qualifies as *Brady* or *Giglio* materials. This includes but is not limited to the full and complete contents and statements of all promises, rewards, benefits, or inducements of any kind made by the Government, its prosecutors, its agencies or its agents or by the State acting as a result of an explicit or implicit request by the Government to induce or encourage the giving of testimony or information made to any (a) any prospective witness (indicted or unindicted co-conspirators) whom the Government intends to call at trial in this case; (b) any witness who testified before the grand jury, and any witness who assisted the Government in its investigation and preparation of the trial in this case. This would include any immigration consequences.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that an order

be entered requiring the disclosure of the items enumerated and requested herein.

        Respectfully Submitted,

        _____
        JAMES STAFFORD
        515 Caroline St.
        Houston, TX 77002
        Telephone: 713-228-3600
        Fax: 713-223-3933
        info@staffordkeyserbromberg.com

        *Attorney for Defendant Marky Baker*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Motion has been forwarded to AUSA Byron Black via the Court's electronic filing system on this the 3rd day of March, 2026.

/s/ James Stafford
JAMES STAFFORD

**CERTIFICATE OF CONFERENCE**

This is to certify that the undersigned counsel has not consulted with the Assistant U.S. Attorney in charge of this cause in reference to the above requested relief.

/s/ James Stafford
JAMES STAFFORD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff | § | |
| v. | § | CRIM. NO. H–24-543 (9) |
| | § | |
| MARKY BAKER, | § | |
|     Defendant | § | |

**ORDER**

Upon consideration of Defendant Marky Baker's Motion for Production of Exculpatory Evidence, it is hereby:

_____ GRANTED.

_____ DENIED.

SIGNED this the \_\_\_\_ day of _____, 2026.

_____
U.S. DISTRICT JUDGE KEITH P. ELLISON