| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **Case No.** 24-CR-00543-09-CR-H-KPE |
| **MARKY BAKER**, | |
| Defendant. | |

## GOVERNMENT'S RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTIONS FOR DISCOVERY

The Government respectfully requests that this Court deny Defendant's various motions for discovery filed on March 3, 2026. (D.E. 345–52 & 354.)

Defendant's discovery motions are moot and inconsistent with this Court's procedures on pretrial discovery motions. In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted. For most criminal prosecutions, there are three governing rules that "'exhaust the universe of discovery to which [a] defendant is entitled.'" *United States v. Watson*, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (*quoting United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988). The first is the *Brady* doctrine, derived from *Brady v. Maryland*, 373 U.S. 83 (1962), which requires the Government to disclose evidence that is favorable to the accused and material to guilt or sentencing, as well as evidence that could be used to impeach the credibility of a government witness. The second is Federal Rule of Criminal Procedure 16(a), which "requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control [that are material to the defense

or to be used in the Government's case-in-chief], reports of examinations or tests, and a summary of any expert witness testimony." Discovery afforded by Rule 16 is limited to the evidence referred to in its express provisions. The third is the Jencks Act, which generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at trial. 18 U.S.C. § 3500(b).

Moreover, the Court has *already* ordered the Government to disclose these items in its Scheduling Order entered on January 16, 2026, and established a time for their disclosure. (D.E. 333.) In his motions relating to discovery, Defendant is simply seeking court orders requiring the Government to abide by this body of discovery law, the Federal Rules of Evidence, and the prior scheduling order. The Government is already in the process of producing discovery consistent with Rule 16, the Jencks Act, and *Brady*, and will continue to do so during the pendency of this case. Likewise, the Government will comply with the pretrial notice requirement in Fed. R. Evid. 404(b) and will file a witness list prior to trial.

Lastly, the Government notes that this Court's procedures require a meaningful conference between the parties in order to resolve any discovery disputes before bringing them to the Court:

> The Court expects that, in most cases, the conference requirement should eliminate the need to file motions under Rule 16 of the Federal Rules of Criminal Procedure and Rule 404(b) of the Federal Rules of Evidence. Additionally, the Court expects that the conference requirement should dramatically reduce the length of motions in limine and motions to compel discovery.

*Court Procedures of Judge Keith P. Ellison* at 4 (July 2023). Many of Defendant's discovery motions can be resolved between the parties after sufficient time to confer and narrow any disputed issues. Simply filing boilerplate discovery motions largely seeking a duplicative order requiring the Government to do what it already must is inconsistent with this Court's procedures and it should be denied.

WHEREFORE, based on the foregoing, the United States respectfully requests that the

Court deny Defendant's assorted discovery motions at docket entries 345–52 and 354.

JOHN G.E. MARCK
Acting United States Attorney
Southern District of Texas


By _____
Byron H. Black
Assistant United States Attorney
SDTX Fed. No. 3874745
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9432
Email: Byron.Black@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on March 16, 2026, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.


_____
Byron H. Black
Assistant United States Attorney