**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. 4:24-CR-00543** |
| | § | |
| **BRADLEY RICKENBACKER** | § | |

# MOTION TO DISMISS COUNT THREE (18 U.S.C. § 924(c)) BECAUSE THE VICAR ASSAULT PREDICATE IS NOT CATEGORICALLY A CRIME OF VIOLENCE

COMES NOW Bradley Rickenbacker, through undersigned counsel, and moves under Federal Rule of Criminal Procedure 12(b)(3)(B) to dismiss Count Three of the Second Superseding Indictment. Count Three charges a firearm offense under 18 U.S.C. § 924(c)(1)(A)(iii) predicated on the Count Two Violent Crimes in Aid of Racketeering ("VICAR") assault. After *United States v. Davis,* that count is valid only if the predicate is categorically a crime of violence under the elements clause of § 924(c)(3)(A). It is not, because the assault that anchors the predicate can be committed recklessly. Count Three should be dismissed. At a minimum, the Court should require the Government to establish that the predicate qualifies, and the issue should be preserved.

## I. Background

Count Three charges that Rickenbacker, aided and abetted by others, used, carried, brandished, and discharged a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and § 2. The only identified predicate crime of violence is the Count Two VICAR assault, charged under 18 U.S.C. § 1959(a)(3) and § 2 and grounded in Texas Penal Code §§ 22.02(a)(1) and (a)(2), 7.01, and 7.02. See Second Superseding Indictment, ECF No. 252, at 18–19. Whether that predicate is a crime of violence is a pure question of law that turns on the elements of the offense, not the facts of this case, and the Court should dismiss it pretrial.

## II. Legal Standard

Section 924(c) defines a crime of violence in two clauses: the elements clause, § 924(c)(3)(A), which covers a felony that “has as an element the use, attempted use, or threatened use of physical force against the person or property of another,” and the residual clause, § 924(c)(3)(B). In *United States v. Davis*, 588 U.S. 445 (2019), the Supreme Court held the residual clause unconstitutionally vague. A § 924(c) count therefore survives only if the predicate offense satisfies the elements clause.

Courts apply the categorical approach. The question is not what the defendant actually did but whether the least culpable conduct the predicate criminalizes necessarily involves the use, attempted use, or threatened use of violent physical force. *United States v. Taylor*, 596 U.S. 845, 850 (2022); *Mathis v. United States*, 579 U.S. 500, 504 (2016). Physical force means violent force, and a predicate that can be satisfied by recklessness does not qualify because the elements clause requires that force be used “against the person or property of another,” and that phrase, as construed in Borden, demands more than a reckless mental state. *Borden v. United States,* 593 U.S. 420, 429–430 (2021).

## III. Argument

### *A. After Davis, Count Three stands only if the VICAR assault is categorically a crime of violence under the elements clause.*

The residual clause is gone. *Davis*, 588 U.S. at 470. The Government cannot rely on it, and Count Three fails unless the VICAR assault predicate satisfies § 924(c)(3)(A) under the categorical approach.

### *B. The VICAR assault predicate is not categorically a crime of violence.*

First, the assault that defines the predicate can be committed recklessly. The VICAR count is expressly built on Texas aggravated assault, Texas Penal Code § 22.02, which incorporates the assault definition in § 22.01(a). That statute permits conviction under an intentional, knowing, or reckless mental state. The Fifth Circuit has held that Texas aggravated assault is not categorically a crime of violence because it can be committed recklessly and therefore falls outside the elements clause after *Borden*. *United States v. Gomez Gomez*, 23 F.4th 575, 577 (5th Cir. 2022) (holding, under the materially identical elements clause of 18 U.S.C. § 16(a) in the illegal reentry context of § 1326(b)(2), that Texas aggravated assault is not a crime of violence because the assault definition in § 22.01(a) reaches recklessness). See also *United States v. Toki*, 23 F.4th 1277, 1279–1282 (10th Cir. 2022), judgment vacated on other grounds sub nom. *Kamahele v. United States*, 143 S. Ct. 556 (2023), relevant holding reinstated, *United States v. Kamahele*, No. 17-4154, 2023 WL 3243228, at *1 n.1 (10th Cir. May 4, 2023) (holding, applying *Borden*, that VICAR assault convictions predicated on Utah and Arizona aggravated-assault statutes reaching recklessness are not crimes of violence under § 924(c)(3)(A), and overruling prior circuit precedent to the contrary). Because the predicate can rest on recklessness, it does not categorically require the intentional use of violent force against another and cannot support a § 924(c) charge.

Second, and in the alternative, the § 1959(a)(3) object of assault "resulting in serious bodily injury" is result-based and, Rickenbacker submits, does not necessarily entail the use of violent physical force as an element. Rickenbacker acknowledges that *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), abrogated in part by *Borden v. United States*, 593 U.S. 420 (2021), treats the causation of bodily injury as entailing the use of physical force, and preserves this alternative for further review. The recklessness ground stated above does not depend on it.

Under the categorical approach, the least culpable conduct controls, and the Government must show that the specific object of conviction satisfies § 924(c)(3)(A). *Mathis*, 579 U.S. at 505–506.

Third, that Rickenbacker is charged as an aider and abettor does not change the analysis. The predicate is measured by its elements, not by the theory of participation. If the VICAR assault is not categorically a crime of violence, it cannot become one because the firearm was discharged by a codefendant and attributed to Rickenbacker.[i]

C. At a minimum, the issue is substantial and must be preserved, and the Government must carry its burden.

Whether VICAR assault qualifies as a crime of violence under the elements clause is the subject of active litigation across the circuits — compare *United States v. Thomas*, 87 F.4th 267, 274–275 (4th Cir. 2023), cert. denied, No. 23-1168 (U.S. Oct. 7, 2024), and *United States v. Manners*, 947 F.3d 377, 380–381 (6th Cir. 2020) (both holding that a substantive VICAR offense is categorically a crime of violence based on its own generic elements, without looking through to the predicate offense), with *Toki*, 23 F.4th at 1279–1282 (holding that VICAR convictions predicated on state assault statutes reaching recklessness are not crimes of violence), *United States v. Alvarado-Linares*, 44 F.4th 1334, 1342–1343 (11th Cir. 2022) (holding that courts must look through a VICAR conviction to the specific state-law predicate charged in the indictment), *United States v. Pastore*, 83 F.4th 113, 119–120 (2d Cir. 2023) and *United States v. Elmore*, 118 F.4th 1193, 1199–1202 (9th Cir. 2024) (all holding that the VICAR statute is divisible and that courts must look through to the elements of the predicate offense); *see also Delligatti v. United States*, 604 U.S. 423, 428 n.1 (2025) (acknowledging this split and expressly declining to resolve it), and the answer here is controlled by the Fifth Circuit's treatment of the very Texas statute the

Government charged. In the alternative, the Court should, consistent with the look-through methodology applied in *Toki*, 23 F.4th at 1279–1282, *Alvarado-Linares,* 44 F.4th at 1342–1343, *Pastore*, 83 F.4th at 119–120, and *Elmore,* 118 F.4th at 1199–1202, require the Government to identify the specific statutory object of the predicate and to establish that the object satisfies § 924(c)(3)(A), and it should treat this challenge as preserved for all purposes, including any later collateral review under *Davis.*

## IV. Conclusion and Prayer

For these reasons, Rickenbacker respectfully requests that the Court dismiss Count Three of the Second Superseding Indictment. In the alternative, Rickenbacker requests that the Court require the Government to establish that the VICAR assault predicate is categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A), and grant such other relief to which Rickenbacker is entitled.

Respectfully submitted,

FOREMAN DEGEURIN ET AL.

By: /s/ George Michael DeGeurin, Jr.
George Michael DeGeurin, Jr.
State Bar No. 3874742
300 Main Street, 3rd Floor
Houston, Texas 77002
Telephone: (713) 655-9000
Email: m2degeurin@fddlaw.net
Attorney for Rickenbacker

## CERTIFICATE OF CONFERENCE

Pursuant to the Local Rules of the Southern District of Texas, undersigned counsel certifies that on August 20, 2026, he conferred with Assistant United States Attorney Byron H. Black regarding the relief requested herein. AUSA Black advised that the Government opposes the motion.

/s/ George Michael DeGeurin, Jr.
George Michael DeGeurin, Jr.

## CERTIFICATE OF SERVICE

I certify that on August 20, 2026, a true and correct copy of the foregoing was filed electronically using the CM/ECF system, which will serve notice on AUSA Byron H. Black and all counsel of record.

/s/ George Michael DeGeurin, Jr.
George Michael DeGeurin, Jr.

---

[i] In *Delligatti v. United States*, 604 U.S. 423, 439 (2025), the Court held that "[t]he knowing or intentional causation of injury or death, whether by act or omission, necessarily involves the use of physical force against another person" within the meaning of § 924(c)(3)(A). *Id. Delligatti* resolved a different question than the one presented here — whether an offense that can be committed by omission rather than affirmative act nonetheless involves the "use" of "physical force," id. — and its holding rests expressly on a mens rea of knowledge or intent. Id. Nothing in *Delligatti* addresses, let alone disturbs, *Borden*'s separate holding that an offense satisfied by a mens rea of mere recklessness cannot meet the elements clause. *See Borden*, 593 U.S. at 429–430. The recklessness ground stated above therefore remains controlling, and *Delligatti* supplies no basis to sustain Count Three.