**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**BRANDON HANTZ,**<br><br>Defendant. | **Case No.** 24-CR-00543-11-CR-H-KPE |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND CELL PHONE LOCATION DATA (D.E. 437)**

The United States of America, by Aaron F. Reitz, United States Attorney, and the undersigned attorneys, hereby moves the Court to deny Defendant's Motion to Suppress Statements and Cell Phone Location Data filed on August 20, 2026. (D.E. 437.)

In his motion, Defendant asks the Court to suppress "any statements or any cell phone data attributable to the -6269 number at trial against Mr. Hantz . . . on the grounds that such cell data and statements were obtained in violation of the Fourth, Fifth, and Sixth Amendments." (D.E. 437.) Defendant goes on to argue that, because they did not have a copy of the search warrant affidavit but instead had only the warrant itself,[1] there is not probable cause for the warrant nor was it sufficiently particular. (D.E. 437.) With respect to the statements, Defendant alleges the statements "were not voluntary, were uncounseled, and were custodial and not compliant with *Miranda v. Arizona*." (D.E. 437.) Nowhere does Defendant identify the specific statements in question, nor does he identify why he believes they were involuntary, uncounseled, or taken in

[1] Upon filing the motion, the Government provided Defendant with a redacted copy of the affidavit and allowed his counsel to view a less redacted version at the U.S. Attorney's Office.

violation of *Miranda*. Likewise, Defendant does not further articulate the alleged deficiencies with the warrant, as he filed the present motion without first reviewing the warrant.

Defendant's motion is vague, conclusory, and is insufficiently specific or particular for the Government to offer a meaningful response at this time, let alone trigger an evidentiary hearing. For motions under Rule 12(b)(3), such as the one filed by Defendant, "[f]actual allegations set forth in the defendant's motion . . . must be sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983); *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972) ("The question is whether the allegations of the moving papers . . . are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented."). Allegations that are "[g]eneral or conclusory" are insufficient. *Harrelson*, 705 F.2d at 737. "Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief." *Id*. As it currently stands, Defendant's motion does not identify the statements being challenged, the alleged deficiencies with the warrant, or the particularized legal bases for the challenges.

Moreover, Defendant's motion is grossly tardy. The Court ordered all pretrial motions under Fed. R. Crim. P. 12(b)(3) be filed no later than February 1, 2026, but implicitly extended that deadline by up to 120 days to June 1, 2026. A motion for "suppression of evidence" was one of the pretrial motions due by that deadline and was 80 days late when filed on August 20, 2026. Fed. R. Crim. P. 12(b)(3)(D). In *United States v. Carr*, the Fifth Circuit noted that:

> District courts obviously have a strong interest in enforcing their deadlines. *See, e.g., United States v. Santana-Dones*, 920 F.3d 70, 80 (1st Cir. 2019); *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009) (noting importance of enforcing court-ordered deadlines); see also FED. R. CRIM. P. 12(c)(1). Nonetheless, courts may consider untimely motions for "good cause." FED. R. CRIM. P. 12(c)(3). "[A] showing of good cause requires a showing of cause and prejudice."

83 F.4th 267, 273 (5th Cir. 2023).

Here, the defendant did not attempt to show either. The motion that was filed at least 80 days late with no explanation as to why it was filed late and did not request permission from the Court to file out of time. Without any attempt to explain why the motion was filed outside of the Court's scheduling order, accepting this motion at this stage in the proceedings would set a poor precedent for future practitioners in federal court and rewards Defendant's gamesmanship. Therefore, the motion may also be denied as untimely.

Because Defendant's motion is vague, conclusory, and tardy, the Government respectfully suggests that Defendant's motion be denied at this time.

Date: September 3, 2026

AARON F. REITZ
United States Attorney
Southern District of Texas

By [signature]
Byron H. Black
Assistant United States Attorney
SDTX Fed. No. 3874745
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9432
Email: Byron.Black@usdoj.gov

*/s/ Kelly Zenón-Matos*
Kelly Zenón-Matos
Assistant United States Attorney
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9362
Email: kelly.zenon@usdoj.gov

*/s/ Molly K. Smith*
Molly K. Smith
Trial Attorney
Department of Justice
Violent Crime and Racketeering Section
1301 New York Ave, NW

Washington, DC 20005
Tel: (202) 531-8701
Molly.smith@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on September 3, 2026, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

Byron H. Black
Assistant United States Attorney